UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-381-RJC

| | |
|---|---|
| FLORES RENTERIAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| LARRY DIAL, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

THIS MATTER is before the Court on consideration of Respondent's Motion to Dismiss Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be dismissed.[1]

## I. BACKGROUND

On November 9, 2005, Petitioner was sentenced to 175-219 months' imprisonment following his conviction by a jury in the Mecklenburg County Superior Court, the Honorable Albert Diaz presiding. Petitioner noted a timely appeal to the North Carolina Court of Appeals and his conviction and sentence was upheld in its entirety in a unanimous opinion. State v. Flores-Renteria, 2007 N.C. App. LEXIS (N.C. Ct. App. 2007) (unpublished). On August 23, 2007, the Supreme Court of North Carolina denied his petition for discretionary review. State v. Flores-Renteria, 651 S.E.2d 227 (N.C. 2007) (unpublished).

On November 4, 2010, Petitioner signed a motion for appropriate relief ("MAR") and the

---

[1] The Court has examined Petitioner's motion to proceed *in forma pauperis* and finds that good cause exists to grant the motion. (Doc. No. 3).

same was filed with the Mecklenburg County Clerk of Superior Court on November 15, 2010. On (Doc. No. 6-9 at 2).[2] On December 2, 2010, Superior Court Judge Richard Boner denied Petitioner's MAR. (Doc. No. 6-11). On February 4, 2011, Petitioner filed a petition for writ of certiorari with the North Carolina of Appeals in an effort to have the denial of his MAR reviewed. (Doc. No. 9). On February 21, 2011, the court of appeals denied Petitioner's petition. (Doc. No. 10).

On June 11, 2012, Petitioner filed the present Section 2254 petition seeking to challenge his State conviction. (Doc. No. 1 at 8). Respondent has moved to dismiss the petition contending that Petitioner's Section 2254 petition is filed well outside of the time frame as prescribed by 28 U.S.C. § 2244(d)(1)(A). Petitioner responded to the motion to dismiss by contending that he could not file a Section 2254 petition because he "did not know what a habeas corpus was" and that he does not fairly comprehend the English language and his lack of a suitable interpreter should excuse his untimely filing. (Doc. No. 8 at 1).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A).

---

[2] The earliest date Petitioner's MAR could have been filed is November 4, 2010, as that appears to be the date that he signed the MAR and presumably delivered to prison authorities for mailing to the clerk of court. (Doc. No. 6-10 at 38). See Houston v.Lack, 487 U.S. 266 (1988).

A.  Statute of Limitations Defense

On August 23, 2007, the Supreme Court of North Carolina denied Petitioner's petition for discretionary review of the North Carolina Court of Appeals opinion affirming his criminal judgment. State v. Flores-Renterias, 651 S.E.2d 227 (N.C. 2007). (Doc. No. 6-3). Petitioner did not apply for further direct review and the State judgment became final 90-days after the North Carolina Supreme Court denied his petition, or on November 21, 2007 . See Sup. Ct. R. 13.1 (generally providing 90-days from entry of judgment to file a petition for a writ of certiorari); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Under the AEDPA, Petitioner had one-year from November 21, 2007, to file a petition under Section 2254 challenging his criminal judgment which expired on November 20, 2008. § 2244(d)(1)(A). While Petitioner did file a MAR on November 4, 2010, this was denied, and his petition for a writ of certiorari was denied by the North Carolina Court of Appeals on February 21, 2011. (Doc. No. 6-15). But more to the point, Petitioner's MAR was filed almost two years after his State judgment had become final for purposes of the statute of limitations under § 2244(d)(1)(A). As Respondent notes, Petitioner's present Section 2255, filed June 11, 2012, at the earliest, was filed over three and half years outside of the one-year statute of limitations. (Doc. No. 6 at 4).

B.  Equitable Tolling

Petitioner's Section 2254 petition should be dismissed based on his untimely filing and Respondent's assertion of the statute of limitations unless he can demonstrate that he is entitled to equitable tolling. The Supreme Court of the United States has found that the one-year statutory

3

limitation period provided for by Section 2244(d) is subject to the doctrine of equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010). In order to benefit from equitable tolling, a petitioner must "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

As noted above, Petitioner contends that his unawareness of "what a habeas corpus was" and his difficulty with the English language, spoken or written, do not support a finding of equitable tolling in this case. (Doc. No. 8). First, Petitioner has pursued direct review of his State judgment and post-conviction relief through his MAR and petition for certiorari and whether he appeared through a ghost writer or not, his positions were clearly demonstrated. Second, Petitioner does not appear to have raised these excuses on direct appeal or in his petition for discretionary review to the Supreme Court of North Carolina. Moreover, in an affidavit submitted in support of his MAR he does not profess difficulty with the English language, nor does appear to raise this issue at all in his MAR. (Doc. No. 6-9 at 42). Finally, he does not raise such a claim in his Section 2254 petition that was filed in June, 2012.

Petitioner's argument that he is unfamiliar with the legal process, that is, the potential to apply for federal habeas relief, or that he demonstrates trouble with the English language do not support the equitable tolling of the statute of limitations in this case and his petition will therefore be found to be untimely. See, e.g., Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (rejecting English proficiency in equitable tolling where a petitioner has access to the courts); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (rejecting, for instance, petitioner's contention that he should be entitled equitable tolling based on lack of familiarity with the legal process); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (collecting cases).

4

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Proceed *in forma paureris* is **GRANTED**. (Doc. No. 3).

2. Respondent's Motion to Dismiss Petitioner's Section 2254 petition is **GRANTED**. (Doc. No. 5).

3. Petitioner's petition filed under 28 U.S.C. § 2254 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge